

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

#2011R00045

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 23, 2012

**BY ECF**

Honorable Leonard D. Wexler
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Gary France
             Criminal Docket No. 11-051

Dear Judge Wexler:

    Enclosed for Your Honor's consideration and signature is a proposed Preliminary Order of Forfeiture in the above-referenced action.

    We appreciate the Court's time and attention to this matter.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York

                By:         /s/
                              Karen R. Hennigan
                              Sp. Assistant U.S. Attorney
                              (718) 254-6254

Enclosure

SLR:LDM:KRH
F. #2011R00045

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

GARY FRANCE,

        Defendant.

- - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER
OF FORFEITURE

11-CR-051 (LDW)

        WHEREAS, on about April 12, 2012, the defendant, GARY FRANCE, entered a plea of guilty to Count One of the above-captioned indictment, charging a violation of 18 U.S.C. § 1951(a); and

        WHEREAS, the defendant has consented to the forfeiture of one ruger GP100 .357 caliber handgun with eight rounds of ammunition and one glock 27 .40 caliber handgun with three rounds of ammunition seized on or about January 9, 2011(the "Seized Firearms and Ammunition"), as property involved in or used in the commission of the violation of 18 U.S.C. § 1951, and/or as a substitute asset pursuant to 21 U.S.C. 853(p);

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

2

1. The defendant shall forfeit to the United States all right, title, and interest that he may have in the Seized Firearm and Ammunition, pursuant to 21 U.S.C. §§ 853(a) and (p).

2. The defendant shall fully assist the Government in effectuating the surrender and forfeiture of the Seized Firearm and Ammunition to the United States. The defendant shall take whatever steps are necessary to ensure that clear title thereto passes to the United States, including, but not limited to, the execution of any documents necessary to effectuate the surrender and forfeiture of the Seized Firearm and Ammunition to the United States. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Seized Firearm and Ammunition in any administrative or judicial proceeding.

3. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on

3

principles of double jeopardy, the <u>ex post facto</u> clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

   4. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Seized Firearm and Ammunition, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

   5. The United States shall publish notice of this Order and notice of its intent to dispose of the Seized Firearm and Ammunition in such a manner as the Attorney General or his designee may direct, on the government website <u>www.forfeiture.gov</u> in accordance with the custom and practice in this district. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Firearm and Ammunition as a substitute for published notice as to those persons so notified.

   6. Any person, other than the defendant, asserting a legal interest in the Seized Firearm and Ammunition may, within thirty (30) days of the final publication of notice or receipt of

4

notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Seized Firearm and Ammunition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that

5

time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

   9. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

   10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

   11. The Clerk of the Court is directed to send, by inter-office mail, three certified copies of this executed Preliminary Order to United States Attorney's Office, Eastern District of New York, ATTN: Yvette Ramos, FSA Paralegal, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
   May  , 2012

                _____
                HONORABLE LEONARD D. WEXLER
                UNITED STATES DISTRICT JUDGE